Robert W. **BECHOLD**

v.

**IGW SYSTEMS, INC.**

No. IP 83–481–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 23, 1986.

Raymond J. Hafsten, Indianapolis, Ind., for plaintiff.

Gregory J. Utken and David W. Miller, of Roberts, Ryder, Rogers & Schism, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

This matter is before the Court for judgment following a trial to the Court on plaintiff's complaint of age discrimination. The Court heard the evidence over several days and has the transcript and exhibits before it. The Court also has had the benefit of post trial argumentative briefs from both sides. Therefore, the Court finds that oral argument is not necessary. Local Rule 10.

The undisputed evidence shows that plaintiff had been employed at defendant, IGW Systems, Inc., for over fifteen (15) years. The company has been owned by numerous entities over the past forty (40) years. In 1979, defendant was owned by Maul Technology Corporation. Robert Lee became president of defendant in late 1980. Subsequently, Maul was acquired by LGM Corporation, which was a private corporation owned by Lee and other investors. For most of its history, defendant has been a manufacturer of precision machined gears and housings for the aircraft industry. Defendant had been experiencing net losses for several years and was very dependent on its principal buyer, Sikorsky Aircraft/Helicopter. By 1981, defendant's business with Sikorsky was declining.

Under Lee's control, defendant began a capital improvement program. It sought to expand its product line, increase its marketing and production capabilities, attract new business, and improve its efficiency and quality control. In order to accomplish these goals, defendant acquired new, "high tech" machinery and brought in new management personnel. John Billinghire was promoted from Director of Operations to defendant's President in January 1982. In July 1982, Robert Black was hired as Vice President of Engineering. Plaintiff and two other employees, Wayne Orlopp and Marc Lovell, were in the tool design group of the Engineering Department. Plaintiff was a skilled jig and fixture tool designer. Orlopp worked with perishable or cutting tools, and Lovell was being trained by both plaintiff and Orlopp. Lovell also was working on an engineering degree.

Defendant's business continued to decline and in November 1982, Billinghire ordered a layoff of approximately eighty (80) hourly-rated production and maintenance employees. He also instructed the different department heads to cut back on the salaried employees. The selection of whom to permanently lay off was left to each department head. A total of thirty-six (36) salaried employees were permanently laid off. As Vice President of Engineering, Black made the selections in the Engineering Department. Both plaintiff, age sixty-one (61), and Orlopp, age fifty-eight (58) were among those laid off while Black kept Lovell, age twenty-three (23), as the lone tool designer.

The evidence at trial showed that Black's goal when he was hired was to improve the efficiency of the Engineering Department and to make it technically equal to defendant's competition in the hope of increasing defendant's business. Consequently, Black used the layoffs to terminate those persons who he felt did not fit into the plans for the new department due to their performance or the nature of their job. Black chose plaintiff for layoff because the department no longer needed a highly skilled jig and fixture designer on a full-time basis. Black planned to use contract tool designers when necessary and retained Lovell to do the basic jig and fixture designing and maintenance along with working on perishable tools. Black also believed that plaintiff did not have the required experience in perishable tool design.

To prove age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, plaintiff need not prove that age was the sole factor motivating his termination, but that age was a determining factor in the defendant's decision to terminate plaintiff's employment. *LaMontagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1409 (7th Cir.1984). In a reduction in force case, which is what defendant claims this case is, plaintiff must prove a prima facie case by

showing that he was within the protected age group and was adversely affected by the employment decision, showing that he was qualified to assume another position at the time of his termination, and producing evidence from which the factfinder can conclude that defendant intended to discriminate. *Dorsch v. L.B. Foster Co.*, 782 F.2d 1421, 1424 (7th Cir.1986). Although plaintiff contends that Lovell really replaced plaintiff rather than defendant eliminating plaintiff's position, plaintiff's burden is essentially the same. *See LaMontagne*, 750 F.2d at 1409. Additionally, once defendant has proffered a legitimate, nondiscriminatory reason for its decision, the prima facie threshold is no longer a relevant issue. The relevant issue becomes whether plaintiff has produced sufficient evidence to rebut defendant's proffered reason and to show that defendant terminated plaintiff because of his age. *Graefenhain v. Pabst Brewing Co.*, 620 F.Supp. 696, 700 (E.D. Wis.1985). Consequently, the question of whether Lovell actually replaced plaintiff or whether Lovell was retained instead of plaintiff involves the same inquiry.

Here defendant maintains that a reduction in force was necessary. The evidence supports this contention. However, even in a legitimate reduction, an employer cannot select employees for layoff because of their age. *Graefenhain*, 620 F.Supp. at 700. Defendant contends that age was not a factor in Black's selection process. Nor were plaintiff's work performance and qualification as a jig and fixture designer factors. Rather, Black testified that in his opinion, plaintiff's skills were no longer necessary and that plaintiff could not do the high tech perishable tooling work that he felt the department would need for its new goals. Plaintiff may prove that defendant's stated reason for terminating him was a pretext by showing that the reason has no basis in fact and is not worthy of credence, or that the stated reason was not the motivating factor, or that the reason was insufficient to motivate a discharge. *LaMontagne*, 750 F.2d at 1414–15 and n. 6.

Plaintiff argues that several pieces of evidence rebut defendant's proffered reason for plaintiff's termination. First plaintiff points to his qualifications and expertise as a tool designer. The testimony of several witnesses supports plaintiff's contention. Plaintiff's supervisors testified that plaintiff was highly skilled in jig and fixture design, that he could have designed perishable tools, and that he was willing to learn the new technology. However, plaintiff had had little experience with perishable tools in the last several years. Black testified that he had talked to Steve Mobley, plaintiff's immediate supervisor, and was told that plaintiff had no recent experience on perishable tools. Black also testified that he had reviewed plaintiff's skills and looked at his background and did not believe plaintiff had the type of experience defendant wanted or needed.

Plaintiff also contends that the evidence shows that defendant was really motivated by age animus. Plaintiff points to the number of people in the protected age group who were laid off. Of the thirty-six (36) salaried positions, twenty-six (26) were within the protected age group. Defendant has articulated legitimate reasons for the other employees' discharges, however. Also, unless disparities are quite large, statistics are not very significant in an age discrimination case. *Dorsch*, 782 F.2d at 1427 n. 6; *Matthews v. Allis-Chalmers*, 769 F.2d 1215, 1218 (7th Cir.1985). Thus, these statistics alone do not prove the existence of age animus.

Plaintiff argues, however, that these statistics coupled with the other evidence is sufficient to prove that plaintiff was terminated because of his age. At trial, several witnesses testified about comments made by both Black and Billinghire. However, these statements were contradicted or explained by defendant's witnesses. Some of the comments also were too remote and/or neutral to be probative. Additionally, only those comments attributable to either Black or Billinghire, the two people with the authority to make the layoff decisions, are relevant. *LaMontagne*, 750 F.2d at 1412.

There was testimony that Black and Billinghire had referred to the people in the Engineering Department as older and outdated. Black acknowledged that he may have used the term outdated because, in his view, many of the employees were reluctant to use the new machinery. It is reasonable to infer that management did feel that many of the experienced employees were not willing or were unable to adapt to the new technology. However, that inference does not support a finding of age discrimination.

The Court finds that Billinghire's alleged statement in 1978 about an employee being old enough to retire is too remote in time to be probative of age discrimination in 1982. Similarly, Black's alleged comment to Lovell regarding Black's desire to have more younger, degreed engineers is neutral on its face. Any connection between these statements and the layoffs in November 1982 is too speculative. *See Parker v. Federal National Mtg. Assoc.*, 741 F.2d 975, 980 (7th Cir.1984); *Graefenhain*, 620 F.Supp. at 705.

Finally, plaintiff testified that Mobley, his supervisor, told him in March 1982 that Billinghire was going to get rid of the older employees. Both Mobley and Billinghire denied making the statement. However, even if it was made, Black was the person who made the decision to terminate plaintiff and the other employees in the Engineering Department. Although Billinghire had the authority to overrule Black's selections, he did not do so. Nor is there any evidence that he had any input in Black's selection process. Black did not arrive at IGW until July 1982 and did not know there would be a layoff until November 1982. Thus, Billinghire's alleged desire in March 1982 has little probative value to show that Black selected plaintiff because of his age.

Finally, plaintiff relies on the fact that Lovell continued to do jig and fixture work and that several contract tool designers were used in 1983. It is undisputed, however, that new business had declined at the time of the layoffs, and that the contract designers were used to fulfill the contract defendant obtained with Hughes Aircraft in 1983. Defendant did not have the Hughes contract in November 1982. Consequently, Black could have honestly believed that defendant had no need for a full-time jig and fixture designer at the time he selected plaintiff for layoff.

Plaintiff has failed to establish that defendant's stated reason for terminating plaintiff was a pretext. In selecting plaintiff, Black reviewed plaintiff's skills, background and experience. Black talked to plaintiff's immediate supervisor and was told that plaintiff had no recent experience in perishable tools. Furthermore, Black testified that he believed plaintiff would not be able to design the new high tech perishable tools that the defendant would need.

An employee's qualification for a position depends on the nature of the defendant's business at the time the employment decision is made. *Dorsch*, 782 F.2d at 1425. Here, Black believed that defendant no longer needed plaintiff's specialized skills and that plaintiff did not have the qualifications or experience to adapt to defendant's new technology. Although plaintiff has offered objective evidence that plaintiff could have designed perishable tools, plaintiff has not shown that Black's subjective opinion was a pretext for age discrimination. A subjective qualification assessment does not make a legitimate reason an illegitimate one. *Id.* at 1427.

Furthermore, the Court will not second guess a business decision if it is made in good faith and is not based on age. *Id.* at 1426. A decision is made in good faith if the employer genuinely and honestly made an attempt to select employees for layoff based on the legitimate needs of the employer. *Id.* The Court finds that there is insufficient evidence to show that defendant's selection of plaintiff was based on age. Rather, the evidence supports the finding that defendant's selection of plaintiff was based on a good faith business decision.

By reason of the foregoing, defendant is entitled to judgment in this cause of action.